UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAM CHRISTOPHER PATTERSON, | ) Case No. CV 14-5984-VBF (KK) ) |
| Petitioner, | ) ) FINAL REPORT AND ) RECOMMENDATION OF UNITED |
| v. | ) STATES MAGISTRATE JUDGE ) |
| BRIAN DUFFY, | ) ) |
| Respondent. | ) ) |
| _____ | ) |

This Final Report and Recommendation is submitted to the Honorable Valerie Baker Fairbank, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order 05-07 of the United States District Court for the Central District of California.

**I.**

**SUMMARY OF RECOMMENDATION**

Sam Christopher Patterson ("Petitioner"), a California state prisoner proceeding pro se, has filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254(d), challenging his convictions for second-degree robbery, forcible oral copulation, and misdemeanor brandishing a replica gun, in Los Angeles County Superior Court. As discussed below, the Court finds the

Petition untimely under the one-year statute of limitations for federal habeas petitions challenging state court convictions. Accordingly, the Court recommends the Petition be denied.

## II.

## **PROCEDURAL HISTORY**

Following a jury trial in Los Angeles County Superior Court, Petitioner was convicted of: (1) two counts of second-degree robbery, in violation of California Penal Code section 211; (2) forcible oral copulation, in violation of California Penal Code section 288a(c)(2)(A); and (3) one count of misdemeanor brandishing a replica gun, in violation of California Penal Code section 417.4. See Lodg. No. 1; 2.[1] On November 30, 2010, the trial court sentenced Petitioner to twelve years in state prison. Lodg. No. 1.

On March 26, 2012, the California Court of Appeal affirmed Petitioner's convictions in a reasoned decision on direct appeal.[2] Lodg. No. 2. On June 13, 2012, the California Supreme Court summarily denied discretionary review of the appeal. Lodg. No. 3.

On June 11, 2011, while his direct appeal was pending, Petitioner constructively filed[3] a petition for a writ of habeas corpus in the California Court of

---

[1] The Court's citations to Lodgments refer to the lodged documents filed by Respondent in support of its Motion to Dismiss. (ECF Docket No. 18).

[2] In addition to affirming Petitioner's convictions, the Court of Appeal also ordered that a typographical error in the trial court's minutes and abstract of judgment be corrected. See Lodg. No. 2 at 10.

[3] Under the "mailbox rule," which "applies to federal and state petitions alike[,]" Campbell v. Henry, 614 F.3d 1056, 1059 (9th Cir. 2010), a "habeas petition is deemed filed at the moment the prisoner delivers it to prison authorities
(continued...)

Appeal. Lodg. No. 4. On March 26, 2012, the same day it affirmed Petitioner's convictions on direct appeal, the Court of Appeal summarily denied the petition. Lodg. No. 5.

On June 12, 2013, Petitioner constructively filed a petition for a writ of habeas corpus in the California Supreme Court. Lodg. No. 6. On August 28, 2013, the California Supreme Court denied the petition. Lodg. No. 7.

On July 22, 2014, Petitioner constructively filed the instant Petition. (ECF Docket No. ("dkt.") 1). On December 16, 2014, Respondent filed a Motion to Dismiss, contending the Petition is untimely under 28 U.S.C. § 2244(d)(1). (Dkt. 17). On February 3, 2015, Petitioner filed an Opposition to Respondent's Motion to Dismiss. (Dkt. 21).

On February 26, 2015, the Court issued a Report and Recommendation that the Petition be denied. (Dkt. 22). On April 27, 2015, Petitioner filed Objections to the original Report, attaching new documents in support of his claim to equitable tolling of the applicable statute of limitations. (Dkt. 26). The Court herein issues a Final Report and Recommendation addressing Petitioner's Objections.

///
///
///

---

[3] (...continued)
for forwarding to the clerk of the court, not when the petition is filed by the court." Ramirez v. Yates, 571 F.3d 993, 996 n.1 (9th Cir. 2009) (internal quotation marks and citation omitted); see Houston v. Lack, 487 U.S. 266, 276, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988). In the absence of evidence to the contrary, a petition may be deemed delivered to prison authorities (and thus, constructively filed) on the day the petition was signed. See Porter III v. Ollison, 620 F.3d 952, 955 & n. 2 (9th Cir. 2010).

## III.

## DISCUSSION

The instant Petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the Court must apply the requirements for habeas relief set forth in AEDPA when reviewing the Petition. Soto v. Ryan, 760 F.3d 947 (9th Cir. 2014) (citing Lindh v. Murphy, 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997)). AEDPA contains a one-year statute of limitations for a petition for writ of habeas corpus filed in federal court by a person in custody pursuant to a judgment of a state court. 28 U.S.C. § 2244(d)(1) ("Section 2244(d)(1)").

**A.   Petitioner Did Not File His Petition Within AEDPA's One-Year Limitations Period**

AEDPA's one-year limitations period commences on the date a petitioner's conviction becomes "final." 28 U.S.C. § 2244(d)(1)(A).[4] In the instant case, Petitioner's conviction became "final" on September 11, 2012—ninety days after the California Supreme Court's denial of discretionary review over Petitioner's direct appeal. See Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999) (holding that the period of direct review for the purposes of AEDPA's limitation period "includes the period within which a petitioner can file a petition for writ of certiorari from the United States Supreme Court"); see also Sup. Ct. R. 13 (allowing a petition for a writ of certiorari seeking review of a judgment of a state court of last resort to be filed within ninety days after the entry of judgment). Consequently, under Section 2244(d)(1)(A), the AEDPA limitations period commenced on September 12, 2012 and lapsed a year later on September 11, 2013.

---

[4] The limitations period under Section 2244(d)(1) may also commence on dates set forth in 28 U.S.C. § 2244(d)(1)(B), (C), and (D). None of these provisions are applicable here.

28 U.S.C. § 2244(d)(1)(A); Fed. R. Civ. P. 6(a). Petitioner did not constructively file this action until July 22, 2014—roughly ten months after the limitations period elapsed. Hence, the Petition is untimely under Section 2244(d)(1).

**B.     Statutory Tolling Cannot Render The Petition Timely**

AEDPA sets forth a statutory tolling provision which suspends Section 2244(d)(1)'s limitations period for the time during which a "properly filed" application for post-conviction or other collateral review is "pending" in state court. 28 U.S.C. § 2244(d)(2); Pace v. DiGuglielmo, 544 U.S. 408, 410, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005).

Here, Petitioner constructively filed a state habeas petition in the California Supreme Court on June 12, 2013—two-hundred and seventy-three days after the AEDPA limitations period commenced on September 12, 2012. See Lodg. No. 6. The state petition was denied seventy-eight days later on August 28, 2013 and Petitioner is entitled to statutory tolling, pursuant to 28 U.S.C. § 2244(d)(2), for the seventy-eight days the state petition was pending.[5] See Lodg. No. 7. However, the AEDPA limitations period again began to accrue on August 29, 2013 and lapsed ninety-two days later on November 28, 2013—eight months prior to Petitioner's constructive filing of the instant Petition on July 22, 2014. Thus, statutory tolling does not render the Petition timely.[6]

---

[5]     Respondent concedes Petitioner is entitled to statutory tolling for the seventy-eight days the state petition was pending. See Mot. at 6.

[6]     Petitioner also filed a state habeas petition in the California Court of Appeal on June 11, 2011, which was denied on March 26, 2012. See Lodg. No. 4; 5. Because the petition was both filed and denied prior to the expiration of Petitioner's direct review proceedings, it has no effect on the timeliness of the instant Petition.

## C. Petitioner Has Not Satisfied His Burden To Demonstrate He Is Entitled To Equitable Tolling

In addition to the statutory tolling provided for by Section 2244(d)(2), the "AEDPA limitations period may be tolled" when it is "equitably required." Doe v. Busby, 661 F.3d 1001, 1011 (9th Cir. 2011) (citations omitted). The "threshold necessary to trigger equitable tolling [under AEDPA] is very high." Bills v. Clark, 628 F.3d 1092, 1097 (9th Cir. 2010) (citation and internal quotation marks omitted). The "extraordinary circumstances" requirement means equitable tolling will not be available in most cases. Calderon v. U.S. Dist. Ct. (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997), overruled on other grounds by Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530 (9th Cir. 1998) (*en banc*) (internal quotation marks omitted). "The Supreme Court and the policies behind AEDPA require that equitable tolling be used only to protect diligent petitioners facing extraordinary circumstances that prevent them from timely filing federal habeas petitions." Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1014 (9th Cir. 2009) (citing Pace, 544 U.S. at 417).

A petitioner "bears a heavy burden to show that [he] is entitled to equitable tolling, lest the exceptions swallow the rule." Rudin v. Myles, 781 F.3d 1043, 1055 (9th Cir. 2015) (internal citation and quotation marks omitted). "The petitioner must establish two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Raspberry v. Garcia, 448 F.3d 1150, 1153 (9th Cir. 2006) (internal citation and quotation marks omitted). Conclusory "assertions rarely suffice to meet the burden of demonstrating entitlement to equitable tolling." Williams v. Dexter, 649 F. Supp. 2d 1055, 1062 (C.D. Cal. 2009) (internal citation omitted).

To claim equitable tolling based on a mental impairment, a petitioner must show: (1) his mental impairment was so severe that he either was "unable

rationally or factually to personally understand the need to timely file," or that his mental state "rendered him unable personally to prepare a habeas petition and effectuate its filing"; and (2) he was diligent in pursuing his claims, "but that the mental impairment made it impossible to meet the filing deadline under the totality of the circumstances, including reasonably available access to assistance." See Bills v. Clark, 628 F.3d 1092, 1099-1100 (9th Cir. 2010). "[T]o evaluate whether a petitioner is entitled to equitable tolling, the district court must: (1) find the petitioner has made a non-frivolous showing that he had a severe mental impairment during the filing period that would entitle him to an evidentiary hearing; (2) determine, after considering the record, whether the petitioner satisfied his burden that he was in fact mentally impaired; (3) determine whether the petitioner's mental impairment made it impossible to timely file on his own; and (4) consider whether the circumstances demonstrate the petitioner was otherwise diligent in attempting to comply with the filing requirements." Id. at 1100-01.

  In his Opposition to the instant Motion, Petitioner claims a mental impairment interfered with both his ability to understand the AEDPA limitations period and his preparation of the Petition. Opp. at 1. Specifically, Petitioner claims "the medication [he] was taking . . . caused [him] to 'hear voices,' 'see[] things,'" and caused "confused thinking and anxiety." Id. at 2. In support of this claim, Petitioner attaches three copies of a "Statewide Psychotropic Medication Consent Form," dated March 28, 2012, November 29, 2012, and December 19, 2012, which purportedly establish Petitioner was taking antipsychotic medication during these periods. Id. at 8-13. In his Objections to the original Report, Petitioner attaches four additional forms, dated April 9, 2013, March 27, 2014, April 11, 2014, and June 27, 2014, which purportedly establish Petitioner was taking antidepressant medication during this period. Objections at 7-10. The forms list some possible side-effects of the medications, including dry mouth,

7

constipation, headaches, risk of seizures, heartburn, weight gain/loss, possible liver damage, and severe reduction in while cells. Opp. at 9, 11, 13; Objections at 7. The side-effects Petitioner claims to have suffered (*i.e.* auditory and visual hallucinations, confusion, and anxiety) are *not* among the side-effects listed on the forms.

Petitioner's allegations neither demonstrate he is entitled to equitable tolling nor render the Petition timely. First, the side-effects Petitioner complains of are not among those listed on the forms Petitioner has provided. Moreover, Petitioner has not shown he suffered from a mental impairment so severe he was unable to understand the need to file the Petition or was unable to file it.[7] See Bills, 628 F.3d at 1099-1100. While the administration of antipsychotic medication to Petitioner might suggest he suffered a severe mental impairment, Petitioner provides no documentation showing he was administered antipsychotic medication at any time other than in March 2012, November 2012, and December 2012.[8] The consent

---

[7]   The informed consent forms Petitioner admits to have signed also weigh against Petitioner's claims of mental impairment. See Norman v. Dovey, No. CIV S–06–2235 MCE DAD P, 2010 WL 1416784, at *5 n.1 (E.D. Cal. Apr. 8, 2010) (inmate's execution of two informed consent forms for antidepressant medication undermined claim that his mental health condition was an "extraordinary circumstance" warranting equitable tolling), aff'd, 486 F. App'x 651 (9th Cir. 2012).

[8]   Petitioner has only provided consent forms showing he was administered antipsychotic medication during the months of March 2012, November 2012, and December 2012. Even if the Court were to liberally construe these forms as indicating Petitioner was taking antipsychotic medication continuously for nine months from March 2012 to December 2012, equitable tolling would not render the Petition timely. Because the AEDPA limitations period began to accrue on September 12, 2012, Petitioner would only be entitled to equitable tolling of the limitations period for four months: September, October, November, and December

(continued...)

forms showing Petitioner subsequently took *antidepressant* medications in April 2013, March 2014, April 2014, and June 2014 do not indicate Petitioner suffered impairments severe enough to warrant equitable tolling. See Robinson v. Miller, No. C 11-1339 LHK (PR), 2013 WL 6157393, at *5 (N.D. Cal. Nov. 22, 2013) ("[P]etitioner's symptoms of depression, anxiety, and stress, did not leave her unable to understand or prepare her habeas petition."). Accordingly, the Court holds the Petition is untimely under 28 U.S.C. section 2244(d)(1) and must be denied.

## IV.
## **RECOMMENDATION**

IT IS THEREFORE RECOMMENDED that the District Judge issue an order: (1) accepting the findings and recommendations in this Final Report; (2) directing that judgment be entered denying the Petition; and (3) dismissing the action with prejudice.

DATED: May 6, 2015

_____
HON. KENLY KIYA KATO
UNITED STATES MAGISTRATE JUDGE

---

[8](...continued)
2012. The Petition—filed *eight* months after the limitations period lapsed—would thus not be timely even if Petitioner were entitled to equitable tolling for this period.

9